IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUAN-VARGAS PIEDRA, | ) | CASE NO. 4:12 CV 2998 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WARDEN, FCI ELKTON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 7, 2012, petitioner *pro se* Juan-Vargas Piedra, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action, citing 28 U.S.C. § 1651. The petition is accordingly construed as having been initiated pursuant to 28 U.S.C. § 2241, the general federal habeas corpus statute. The petition indicates Mr. Piedra is incarcerated because of his conviction on drug-related offenses in the United States District Court for the Eastern District of Washington. As grounds for the petition, he asserts: 1) his trial counsel was ineffective; 2) the marijuana which formed the basis of his conviction was not tested to establish it was a controlled substance, as charged; 3) the statutes under which he was convicted were not validly enacted; and, 4) the trial court lacked jurisdiction. For the reasons stated below, this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d

889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).[1] Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001) (unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Mr. Piedra seeks to raise issues that could and must be raised in a 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

            s/Jeffrey J. Helmick
            UNITED STATES DISTRICT JUDGE

---

[1] There is no indication Piedra has ever filed a 2255 action. *U.S. v. Piedra*, E.D. Wash. Case No. 2:09 CR 133-FVS-3.

2